

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY BAILEY,

*Petitioner*,

vs.

DOUGLAS C. GILLESPIE, *et al.*,

*Respondents*.

2:10-cv-00047-RCJ-PAL

ORDER

This habeas action comes before the Court for a decision on the merits of the double jeopardy claim presented. The Court does not reach the merits of any other claims in the petition because the case otherwise does not present extraordinary circumstances warranting the intervention of a federal district court in a pending state criminal proceeding.

***Background***

On February 28, 2009, petitioner Anthony Bailey was arrested for, *inter alia*, alleged offenses occurring that date involving a girlfriend, Crystal Washington, who was the mother of his child.

On or about March 1, 2009, Bailey was charged by a criminal complaint filed in the justice court by the Clark County District Attorney with two counts of sexual assault, three counts of possession (or sale or transfer) of false identifying documents, one count of coercion, and one count of burglary. According to the complaint, the two sexual assault charges were based upon allegations that Bailey, on original Count 1, placed his penis into the genital opening of Washington against her will and, on original Count 2, placed his penis on or in the mouth of Washington against her will. The coercion charge was based upon

allegations that Bailey threatened Washington to keep her from calling for help. The burglary charge was based upon allegations that Bailey entered the dwelling with the intent to commit sexual assault and/or coercion.[1]

On or about March 6, 2009, Bailey also was charged by a complaint filed in the North Las Vegas municipal court by the City Attorney with a misdemeanor of battery domestic violence based upon allegations that Bailey committed an act of force or violence upon Washington, with whom he had had a dating relationship and a child, "by hitting her on the inner thigh with a black remote control that he was holding in his hand."[2]

Crystal Washington testified, *inter alia*, as follows at the preliminary hearing held on March 25, 2009, and April 6, 2009. In February 2009, she left her home, where she lived without Bailey, and she went to stay with her sister in an effort to get away from Bailey. He continued causing problems at her sister's home, and her sister called Bailey to take Washington back to her home. Once there, Bailey insisted on going inside against her will. Inside her residence, he verbally abused her, and he then hit her on her leg with a television remote control. Subsequently, over the course of the evening and/or morning, he had her engage in sexual activities against her will, including having her insert her finger into his anus, engaging in sexual intercourse, inserting a "sex toy" into her anus, engaging in anal intercourse, and having her perform fellatio on him.[3]

Prior to the continuation of the preliminary hearing on April 6, 2009, the Clark County District Attorney filed an amended complaint adding two additional counts of sexual assault. Amended Count 1 alleged that Bailey caused Washington to insert her finger into his anal

---

[1]#19, Ex. 2.

[2]#19, Ex. 1 (last document in exhibit).

[3]#19, Ex. 4, at 6-33; Ex. 5, at 7-75. The Court makes no credibility findings or other factual findings regarding the truth or falsity of evidence or statements of fact in the state court. The Court summarizes same solely as background to the issues presented in this case, and it does not summarize all such material. No statement of fact made in describing statements, testimony or other evidence in the state court constitutes a finding by this Court. Washington's testimony is relevant on the double jeopardy claim as background to show the alleged factual basis for the various charges brought against Bailey. The credibility and veracity of Washington's testimony is for the trier of fact to weigh at trial.

opening against her will. Amended Count 2 carried forward the allegations of original Count 1 alleging sexual assault through engaging in sexual intercourse against Washington's will. Amended Count 3 alleged that Bailey placed his penis into the anal opening of Washington against her will. Amended Count 4 carried forward the allegations of original Count 2 alleging sexual assault via fellatio against her will. The remaining original charges of possession of false identifying documents, coercion, and burglary were carried forward in Amended Counts 5 through 9.[4]

After the testimony presented on April 6, 2009, the District Attorney added another charge of sexual assault based upon allegations that Bailey placed a "sex toy" into the anal opening of Washington against her will. The prosecutor also alleged weapon enhancements on each of the five sexual assault counts based upon testimony by Washington that Bailey used a knife in the commission of the sexual assaults.[5]

On or about July 9, 2009, Bailey entered a *nolo contendere* plea in the North Las Vegas municipal court on the misdemeanor complaint in that court. This Court will assume, *arguendo*, that Bailey entered a plea to a charge of battery domestic violence, no priors, although the respondents maintain that he entered a plea to simple battery.[6]

Thereafter, in or around September 2009, Bailey, who was represented at that time by counsel in the state district court, filed a *pro se* original petition for a writ of mandamus in the Supreme Court of Nevada together with a motion to proceed *pro se* in that court. The petition included allegations that further prosecution in the state district court was barred by double jeopardy because Bailey had entered a plea to an allegedly lesser included offense

[4]#19, Ex. 3.

[5]#19, Ex. 5, at 97-98; Ex. 6.

[6]#19, Ex. 1. The exhibit supports both readings. The difference, in the final analysis, is not material.

in the municipal court.[7]

On October 28, 2009, the Supreme Court of Nevada denied Bailey's petition. The state high court stated, *inter alia*, that "[w]e have considered the documents before this court, and we conclude that this court's intervention in this matter is not warranted."[8]

In the meantime, on October 20, 2009, Bailey's counsel filed a motion to dismiss contending that double jeopardy barred further prosecution of the charges in the district court following upon the plea to the misdemeanor charge in the municipal court. Following briefing and argument, the state district court denied the motion, concluding that the misdemeanor charge was not a lesser included offense.[9]

It does not appear, on the showing made, that the double jeopardy issue thereafter was pursued – with regard to the counseled motion to dismiss as opposed to the earlier *pro se* mandamus petition – in an appeal or petition in the Supreme Court of Nevada.

Trial currently is set in the state district court for June 7, 2010, according to the last statement in the federal record in this regard.[10]

***Discussion***

Under the abstention doctrine grounded in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), federal courts refrain from interfering with pending state criminal proceedings absent extraordinary circumstances. *See generally* Comment, *Federal Injunctive Relief Against Pending State Civil Proceedings: Younger Days Are Here Again*, 44 La.L.Rev. 967, 970-71 (1984). However, a claim that a pending state prosecution violates the Double Jeopardy Clause presents circumstances allowing for federal review while the state

---

[7] #1, Ex. B, at electronic docketing pages 14-21. Respondents maintain that petitioner did not seek extraordinary relief on the double jeopardy issue. It appears that he sought to do so in the mandamus petition, assuming that petitioner's file copy is accurate. See *id.*, at electronic docketing pages 16, 18, 19 & 20. Respondents did not file a copy of the record from the mandamus proceedings.

[8] #2, Ex. C.

[9] #19-2, Exhs. 7-10; Ex. 11, at 2-3.

[10] #17, at 2.

proceedings are ongoing, if the claim is exhausted. *See,e.g., Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). It would appear on the showing made that petitioner exhausted the double jeopardy claim in his *pro se* original petition in the state supreme court. It further appears that petitioner is in custody for purposes of federal habeas jurisdiction, as, *inter alia*, he is in physical pretrial detention awaiting trial on the felony charges. *See also Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 300-02, 104 S.Ct. 1805, 1809-10, 80 L.Ed.2d 311 (1984)(a defendant who has been released on bail or on his own recognizance pending trial or appeal is in custody for purposes of federal habeas jurisdiction).[11]

As a pretrial detainee, petitioner is not currently in custody pursuant to a conviction. His petition thus arises under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. The Court therefore reviews the double jeopardy claim *de novo* rather than under the standard of review that would apply under the Antiterrorism and Effective Death Penalty Act (AEDPA) on a Section 2254 petition. *See,e.g,* Stow *v. Murashige*, 389 F.3d 880, 888 (9th Cir. 2004).

Turning to the substantive law, the Double Jeopardy Clause places few, if any, limits on the power of the federal and state legislatures to define offenses. *See,e.g.*, *Sanabria v. United States*, 437 U.S. 54, 69-70, 98 S.Ct. 2170, 2181-82, 57 L.Ed.2d 43 (1978). But once the federal or state legislature has defined a statutory offense by determining the "allowable unit of prosecution," that legislative determination as to the scope of the offense then dictates the scope of protection provided by the Double Jeopardy Clause. *Id.* That is, once the allowable unit of prosecution has been defined by the legislature, the Double Jeopardy then bars a subsequent prosecution for that same offense following an acquittal, bars a subsequent prosecution for the same offense following a prior conviction, and bars multiple consecutive punishments for the same offense where the legislature did not intend multiple punishments. *See,e.g., id.*; *Jones v. Thomas*, 491 U.S. 376, 380-82,109 S.Ct. 2522, 2525-

---

[11] It appears that petitioner has served the time imposed on the misdemeanor charge. He likely would be in custody for purposes of federal jurisdiction even if he instead were serving time on that charge when the petition was filed. *See Wilson v. Belleque*, 554 F.3d 816, 821-24 (9th Cir.), *cert. denied*, 130 S.Ct. 75 (2009).

26,105 L.Ed.2d 322 (1989); *Ohio v. Johnson*, 467 U.S. 493, 497-500, 104 S.Ct. 2536, 2540-41, 81 L.Ed.2d 425 (1984).

When a single act or transaction violates two separate statutes, the *Blockburger* "same evidence" test is used to determine the allowable unit of prosecution, *i.e.*, whether the offenses constitute the "same offense" for double jeopardy purposes. Under the *Blockburger* "same evidence" test, "the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact that the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182 76 L.Ed. 306 (1932)(a prosecution for a single morphine sale to a single purchaser for failure to sell the drug in the original stamped package in violation of 26 U.S.C. § 692 and for failure to sell the drug pursuant to a written order in violation of 26 U.S.C. § 696 did not result in prosecution for the same offense because each statute required proof of a fact that the other did not).[12]

In the present case, the Court is not persuaded that the sexual assault charges are barred by double jeopardy based upon petitioner's argument that he was convicted of a lesser included offense when he entered a plea on the battery charge.

The battery charge is based upon a different criminal act than the five sexual assault charges. The six charges all involve the same victim, and the charges all occurred while Bailey was in Washington's residence during the evening and morning hours of February 27-28, 2009. The battery charge, however, was based upon Bailey allegedly striking Washington in the leg with a television remote control. The sexual assault charges, in contrast, were based upon sexual acts allegedly engaged in against Washington's will, none of which involved use of the remote. Bailey was not charged with any sexual assault based upon his striking Washington in the leg with the television remote control.

Accordingly, now that the Court has a more complete record, it is clear that the double

---

[12]The *Blockburger* test, however, is only a rule of statutory construction to aid in determining the legislative intent as to the allowable unit of prosecution when a single act violates two statutes. *See,e.g., Garrett v. United States*, 471 U.S. 773, 778-79, 105 S.Ct. 2407, 2411-12, 85 L.Ed.2d 764 (1985). The *Blockburger* rule of construction thus must yield to a plainly expressed contrary intent by the legislature regarding the allowable unit of prosecution. *Id.*

jeopardy claim does not even make it out of the starting gate. The battery and the sexual assault charges are based upon different criminal acts, albeit committed against the same victim over the course of several hours. The charges are not based upon a single criminal act giving rise to multiple charges. That is, the same act that gave rise to the battery charge – hitting Washington with the remote – did not also give rise to the five different sexual assault charges, which allegedly were committed while Bailey had a knife or access to a knife.

The *Blockburger* double jeopardy analysis is addressed to the situation where "*the same act or transaction* constitutes a violation of two distinct statutory provisions." 284 U.S. at 304, 52 S.Ct. at 182 (emphasis added). Here, hitting Washington in the leg with the television remote control did not constitute a violation of the sexual assault statute as well as the battery statutes. There thus is no double jeopardy violation.

The Court accordingly holds, on *de novo* review, that petitioner has not established that his plea to the battery charge bars continued prosecution on the pending sexual assault charges.

The Court otherwise is not persuaded as to the remaining felony charges – to the extent that petitioner challenges prosecution also on these charges on double jeopardy grounds – that double jeopardy bars prosecution on these charges. The remaining felony charges are based upon different facts and elements. None of the charges constitute the same offense as battery under the *Blockburger* test.

As to the remaining claims in the petition based upon grounds other than double jeopardy, the Court is not persuaded that the case presents extraordinary circumstances warranting federal intervention in a pending state criminal proceeding. Petitioner has avenues both in the original criminal prosecution and in state post-conviction proceedings to raise claims of constitutional error as to the actions of the state court and/or, as applicable, counsel.

The petition therefore will be denied, with prejudice on the merits as to the double jeopardy claim and without prejudice on the basis of abstention as to the remaining claims.

***Consideration of Possible Issuance of a Certificate of Appealability***

Under Rule 11 of the Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A district court order granting or denying a certificate of appealability does not eliminate the requirement that the petitioner must file a timely notice of appeal in order to appeal the court's judgment. A motion to reconsider the order regarding a certificate of appealability does not extend the time to appeal.[13]

As to the claims rejected by the district court on the merits, under 28 U.S.C. § 2253(c), a petitioner must make a "substantial showing of the denial of a constitutional right" in order to obtain a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000); *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999). To satisfy this standard, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604.

As to claims rejected on procedural grounds without reaching the underlying constitutional claims, the petitioner must show, in order to obtain a certificate of appealability: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604. While both showings must be made to obtain a certificate of appealability, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." 529 U.S. at 485, 120 S.Ct. at 1604. Where a plain procedural bar is properly invoked, an appeal is not warranted. 529 U.S. at 484, 120 S.Ct. at 1604.

In the present case, jurists of reason would not find the rejection of petitioner's double

---

[13] A certificate of appealability is required in this procedural context. *See Wilson*, 554 F.3d at 824-25.

jeopardy claim to be debatable or wrong. The battery or battery domestic violence charge to which he entered a plea is not based upon the same criminal act as the sexual assault charges. The battery charge is based upon striking the victim in the leg with a television remote control. The sexual assault charges instead are based upon multiple allegedly nonconsensual sexual acts performed later the same evening and/or morning.

Jurists of reason further would not find debatable or wrong the Court's conclusion, as to the remaining claims, that the case otherwise does not present extraordinary circumstances warranting federal court intervention in a pending state criminal proceeding.

IT THEREFORE IS ORDERED that the petition for a writ of habeas corpus is DENIED and that this action shall be DISMISSED with prejudice on the merits on the double jeopardy claim and without prejudice on the basis of abstention as to all other claims presented.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED.

The Clerk of Court shall enter final judgment accordingly in favor of respondents and against petitioner.

DATED: This 9th day of June, 2010.

ROBERT C. JONES
United States District Judge