# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY BAILEY,

    *Petitioner,*

vs.

DOUGLAS C. GILLESPIE, *et al.,*

    *Respondents.*

2:10-cv-00047-RCJ-PAL

ORDER

This habeas action under 28 U.S.C. § 2241 comes before the Court on petitioner's motion (#23) styled as a Rule 60(b)(3) motion based upon fraud and misconduct.

In the petition, petitioner Anthony Bailey sought to challenge his pending state criminal proceeding based upon, *inter alia*, a claim that the prosecution was barred by double jeopardy. He in particular urged that five counts of sexual assault with a deadly weapon in the state district court were barred by double jeopardy because he entered a plea to a battery charge committed against the victim the same late evening or early morning.

The Court held, *inter alia*, as follows:

> In the present case, the Court is not persuaded that the sexual assault charges are barred by double jeopardy based upon petitioner's argument that he was convicted of a lesser included offense when he entered a plea on the battery charge.
>
> The battery charge is based upon a different criminal act than the five sexual assault charges. The six charges all involve the same victim, and the charges all occurred while Bailey was in Washington's residence during the evening and morning hours of February 27-28, 2009. The battery charge, however, was based upon Bailey allegedly striking Washington in the leg with a television remote control. The sexual assault charges, in

> contrast, were based upon sexual acts allegedly engaged in against Washington's will, none of which involved use of the remote. Bailey was not charged with any sexual assault based upon his striking Washington in the leg with the television remote control.
>
> Accordingly, now that the Court has a more complete record, it is clear that the double jeopardy claim does not even make it out of the starting gate. The battery and the sexual assault charges are based upon different criminal acts, albeit committed against the same victim over the course of several hours. The charges are not based upon a single criminal act giving rise to multiple charges. That is, the same act that gave rise to the battery charge – hitting Washington with the remote – did not also give rise to the five different sexual assault charges, which allegedly were committed while Bailey had a knife or access to a knife.
>
> The *Blockburger* double jeopardy analysis is addressed to the situation where "*the same act or transaction* constitutes a violation of two distinct statutory provisions." 284 U.S. at 304, 52 S.Ct. at 182 (emphasis added). Here, hitting Washington in the leg with the television remote control did not constitute a violation of the sexual assault statute as well as the battery statutes. There thus is no double jeopardy violation.
>
> The Court accordingly holds, on *de novo* review, that petitioner has not established that his plea to the battery charge bars continued prosecution on the pending sexual assault charges.

#21, at 6-7.

In the present motion, Bailey contends that the Court's order and judgment dismissing the petition are based upon fraud, misrepresentation or misconduct by respondents because: (a) the police reports and investigative materials indicate that the remote control allegedly was the primary weapon used in the sexual assaults; and (b) the State did not collect the remote control, knife and sex toy (allegedly used in one of the sexual assaults) as physical evidence during an arrest allegedly conducted without probable cause, and the State failed to introduce these items or pictures of same into evidence at the preliminary hearing.

On the first point, petitioner attaches portions of police reports and investigative materials that allege that the remote control was the primary weapon, and he maintains that "Exhibit A does not even make mention of a knife." The police report instead states, consistent with the discussion in the Court's order, in #21, at 2, that Bailey hit the victim on the inner thigh with a remote control. Petitioner's Exhibit A states – directly contrary to his

argument – that the sexual assault nurse "indicated Washington had stated she had been forced to have sex by Bailey at knife point." See #23, at electronic docketing pages 8-9. Bailey was charged in the municipal court with committing a battery offense upon the victim "by hitting her on the inner thigh with a black remote control that he was holding in his hand." #19, Ex. 1 (last document in exhibit). Bailey was charged in the district court with committing five counts of sexual assault with the use of a dangerous weapon "to wit: a knife." #19-1, Ex. 6. Both the investigative materials and the charging instruments belie rather than support petitioner's argument. His claim of fraud, misrepresentation, and misconduct in this regard is meritless.

On the second point, any issues as to whether the State properly collected and introduced evidence and/or had probable cause to arrest do not pertain to petitioner's double jeopardy claim. Petitioner was charged with committing a battery offense with the remote control and with five sexual assaults based upon his using or having access to a knife. Any failure of the State to locate and/or preserve the remote, knife and sex toy allegedly used in the respective offenses has nothing to do with the issue of whether his plea to the battery charge bars prosecution on the sexual assault charges under the Double Jeopardy Clause. Petitioner's argument instead, at best, goes to the sufficiency of the evidence and/or procedural objections to the respective charges. The Court held that petitioner had not established extraordinary circumstances warranting federal intervention in a pending criminal prosecution by way of review of claims other than the double jeopardy claim. See #21, at 4-5 & 7. That holding stands. The Court expresses no opinion as to any other claim.

IT THEREFORE IS ORDERED that petitioner's motion (#23) styled as a Rule 60(b)(3) motion based upon fraud and misconduct is DENIED.

DATED: This 23rd day of June, 2010.

_____
ROBERT C. JONES
United States District Judge

-3-