

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY BAILEY,

    *Petitioner*,

vs.

DOUGLAS C. GILLESPIE, *et al.*,

    *Respondents*.

2:10-cv-00047-RCJ-PAL

ORDER

    This habeas action comes before the Court on a motion (#28) for a certificate of appealability (COA), petitioner's motion (#26) for appointment of counsel on appeal, and a motion (#30) seeking a briefing schedule.

    On the first motion, petitioner did not file a motion for a certificate of appealability. He filed a notice of appeal seeking to appeal an order denying his post-judgment motion. The Clerk of Court made a clerical entry also for a motion for a certificate of appealability.

    The notice of appeal appears on its face to be directed to the Court's order (#24) denying petitioner's motion (#23) styled as a Rule 60(b)(3) motion based upon fraud and misconduct. That motion was filed within the 28-day time period for seeking post-judgment relief under Rule 59. The Court will assume, *arguendo*, that a certificate of appealability is required to appeal the denial of a motion under Rule 59 to the same extent as current Ninth Circuit law requires with regard to a motion under Rule 60.[1]

---

[1] *Cf. Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 54 (2d Cir. 2006)(Rule 59 motion);

(continued...)

1  A certificate of appealability should issue to appeal the denial of a post-judgment motion only if jurists of reason would find it debatable whether the district court abused its discretion in denying the motion. *Cf. Lynch v. Blodgett*, 999 F.2d 401, 402-03 (9th Cir. 1993). In the present case, jurists of reason would not find it debatable whether the district court abused its discretion in denying petitioner's post-judgment motion. The Court rejected petitioner's claim that his plea to a battery charge committed against the victim the same evening or early morning when he struck the victim with a television remote control barred he State from prosecuting him on five counts of sexual assault with a deadly weapon allegedly committed while petitioner had a knife or access to a knife. Petitioner contended in the post-judgment motion, *inter alia*, that police reports and other investigative materials instead indicated that the remote control was the primary weapon used in the sexual assaults. This argument was belied by rather than supported by the charging instruments and investigative materials. While the investigative reports indeed refer to the battery committed with the remote control, the sexual assault nurse states in the very same investigative materials upon which petitioner relies that the victim stated "she had been forced to have sex by Bailey at knife point." See #24, at 2-3. Jurists of reason would not find it debatable whether this Court abused its discretion in denying the motion.

To the extent -- if any -- that the notice of appeal instead is directed to the underlying order and judgment of dismissal, the Court already has denied a certificate of appealability. See #21, at 8-9.

On the motion for appointment of counsel on appeal, given that counsel was not appointed in the district court proceedings, it would be more appropriate for the appellate court to address any issues relating to counsel on appeal. This Court accordingly will deny

---

[1](...continued)
*Langford v. Day*, 134 F.3d 1381, 1382 (9th Cir. 1998)(Rule 60(b) motion); *see also* 16AA Federal Practice & Procedure: Jurisdiction § 3968.1, at nn. 75-81 (4th ed. 2010). Petitioner suggests in the notice of appeal that a certificate of appealability is not required as to a Section 2241 petition. The Ninth Circuit has held to the contrary in the context presented. *See Wilson v. Belleque*, 554 F.3d 816, 824-25 (9th Cir.), *cert. denied*, ___ U.S. ___, 130 S.Ct. 75, 175 L.Ed.2d 53 (2009).

-2-

the motion for counsel without prejudice to petitioner's presentation of such a motion to the Court of Appeals. The Court would note, however, that petitioner has demonstrated a sufficient ability to articulate his position, that the issues are not complex, and that there is not a substantial likelihood of success on the appeal.

The motion for a briefing schedule is captioned for the Court of Appeals, is directed to proceedings in that court, and requests an order from that court. The motion submitted to the Clerk of this Court appears to be only a service copy of the motion. The motion will be dismissed without prejudice as improvidently docketed in this Court. As a general matter, unless a particular rule directs otherwise, petitioner does not need to serve the Clerk of this Court with copies of motions submitted to the Court of Appeals.

IT THEREFORE IS ORDERED that the motion (#28) for a certificate of appealability is DENIED.

IT FURTHER IS ORDERED that petitioner's motion (#26) for appointment of counsel on appeal is DENIED without prejudice to petitioner's presentation of such a motion to the Court of Appeals.

IT FURTHER IS ORDERED that the motion (#30) seeking a briefing schedule is DISMISSED without prejudice as improvidently docketed in the district court as the motion appears to have been filed in and to be directed to the Court of Appeals.

DATED:   This 3rd day of August, 2010.

_____
ROBERT C. JONES
United States District Judge